UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KEVIN LEE DIXIE,                        )
                                        )
            Plaintiff,                  )
       vs.                              )       No. 1:10-cv-350-WTL-JMS
                                        )
INDIANA FAMILY AND SOCIAL               )
  SERVICES ADMINISTRATION,              )
                                        )
            Defendant.                  )

**Entry and Order Directing Dismissal of Action**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted**.

Kevin Dixie, a resident of Anderson, Indiana, sues the Indiana Family and Social Services Agency ("FSSA") seeking damages and unspecified injunctive relief. Dixie alleges that the FSSA has committed errors in the award, modification or monitoring of shelter, food stamps, and other benefits received by him.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

Dixie's suit is brought pursuant to 42 U.S.C. § 1983. Congress did not intend for 42 U.S.C. § 1983 to override States' Eleventh Amendment immunity. *Quern v. Jordan,* 440 U.S. 332, 342 (1979). Under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional

abrogation." *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985). This court has previously recognized that "FSSA . . . is an agency of the State of Indiana, and is considered 'the state' for the purposes of Eleventh Amendment immunity." *Baker v. Indiana Family & Social Services Administration,* 260 F.Supp.2d 731, 736-37 (S.D.Ind. 2003).

Based on the above, it is evident that Dixie has no viable claim in this court against the FSSA. The action is therefore dismissed, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date: 04/07/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana